UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

**SABUR DEMARY**
    Plaintiff,
v.                                                                                        Case No. _____

**KROGER CO. d/b/a KROGER**                     **JURY DEMANDED.**

**and**

**KROGER LIMITED PARTNERSHIP I d/b/a KROGER**

    Defendants.

## COMPLAINT

**COMES NOW**, Plaintiff, SABUR DEMARY, through the undersigned counsel, hereby submits his Complaint against Defendant, Kroger Co. d/b/a Kroger and Kroger Limited Partnership I, d/b/a Kroger, and states as follows:

## INTRODUCTION

1. Mr. DeMary is a businessman, upstanding member of his Middle Tennessee community, and proud father of three children, one of whom is a member of the United States Navy. Mr. DeMary has helped hundreds of people in regard to private investing, property rentals, and building wealth. Moreover, Mr. DeMary is involved with various volunteer projects including work with animal shelters and homeless shelters. As a part of his business, Mr. DeMary has cashed many checks and money orders with financing institutions in Tennessee. Since some of the tenants of his rental properties do not have access to traditional bank accounts, cashing money orders is a must. What Mr. DeMary certainly did not expect when he attempted to cash a money order at a Kroger grocery store was to be accused of criminal activity and nearly

arrested.

2. What Mr. DeMary did not take into account is the fact that he was an African-American man in the predominantly white affluent Spring Hill suburb in Middle Tennessee. Solely because of his race, Mr. DeMary was discriminated against by members of Kroger staff and denied services provided to non-African-American customers at Kroger.

3. This is an action against Kroger to recover damages pursuant to Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § et seq., as amended, ("Section 1981").

## JURISDICTION AND VENUE

4. Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343, because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Venue is proper under 28 U.S.C. 1391 because the events giving rise to this action occurred in the Middle District of Tennessee and the Defendant Corporations are subject to the personal jurisdiction of this Honorable Court.

## PARTIES

6. At all times relevant to this Complaint, Mr. DeMary was and is a U.S. Citizen, over the age of 18, and a person with standing to bring a claim under Section 1981.

7. Mr. DeMary is of African-American descent.

8. Plaintiff, Sabur DeMary, resides in Williamson County, Tennessee.

9. Upon information and belief, Defendant, Kroger Co. d/b/a Kroger is a corporation incorporated in the State of Ohio and doing business in the State of Tennessee. Defendant, Kroger Limited Partnership I d/b/a Kroger is a corporation incorporated in the State of Ohio and doing business in the State of Tennessee. Defendants' may be served through

their Registered Agent, CT Corporation System, 2908 Poston Avenue, Nashville, Tennessee 37203.

## BACKGROUND AND GENERAL ALLEGATIONS

10. Mr. DeMary provides in this Background and General Allegations section the general substance of certain factual allegations. Mr. DeMary does not intend that this section provide in exact detail, or necessarily in chronological order, any or all allegations. Rather, he intends that this section merely provide Kroger Co. fair notice of the general nature and substance of his allegations.

11. Mr. DeMary is small business owner who cashes money orders with Kroger Money Services on a regular basis.

12. Unfortunately, Mr. DeMary began to experience a pattern of discriminatory treatment when he attempted to cash payroll checks or money orders made out to his business.

13. On or about January of 2020, Mr. DeMary faced suspicion from a customer services representative at Kroger Money Services at the Kroger located at 4900 Port Royal, Spring Hill, Tennessee 37174 when an employee attempted to cash his payroll check. Plaintiff had several contractors attempt to cash checks at Kroger Money Services that day. Two of the white contractors had their checks cashed without issue. However, the one contractor in the group who was of Mexican dissent was not allowed to cash his check because the store manager and customer service representative stated that it was too late to verify the funds with the bank. It took Plaintiff over an hour of explaining and the intervention of a district manager to get assistance that day.

14. On or about February 4, 2020, Plaintiff again went to the Kroger Money Services on Port Royal to cash a money order, which he does every month. The same customer service representative as the previous encounter finished serving the customer in line before Plaintiff, then

failed to acknowledge Plaintiff. Plaintiff took it upon himself to step to the counter and handed the customer service representative a money order to cash. She looked at the money order and told Plaintiff that she didn't think she could cash it. She then stepped to the back and incorrectly told her manager that Plaintiff was there to return a money order. Plaintiff then heard her manager tell her that Plaintiff would need to return the money order to the issuer to be refunded. However, the customer service representative returned and told Plaintiff something different, that the money order could not be cashed because it was made out to Plaintiff's business and that he would have to cash it at the store where it was issued, which happened to be three hours away in Memphis, TN.

15. Plaintiff disagreed with the customer service representative because the Kroger Money Services website states that money orders can be cashed there and he had cashed money orders at Kroger for years.

16. Plaintiff asked to speak with the manager.

17. When the manager arrived, he immediately told Plaintiff he could not serve him. Plaintiff attempted to explain that the customer service representative had been untruthful when she told him that Plaintiff was attempting to return a money order and that he was merely attempting to cash a money order.

18. Plaintiff stepped to the side to call the Kroger corporate office to put in a complaint, when he noticed a Spring Hill police officer approach him and radio for back up.

19. Plaintiff was certainly embarrassed and upset that the police had been called. However, he attempted to explain the situation to the police. One of the officers told Plaintiff that Kroger was concerned because of the recent increase in money order fraud.

20. Plaintiff explained that he was not dumb enough to come this neighborhood and attempt

4

any type of crime, let alone money order fraud. The officer replied that he "didn't know what [Plaintiff] was capable of and that he's known worse to happen." Such a response was hurtful to Plaintiff.

21. Another Officer threatened Plaintiff with arrest if he did not "calm down" and stop interrupting them. Another Officer also told Plaintiff that he was portraying all the stereotypes about black men due to his passion about being mistreated.

22. The Officers then attempted to get Kroger to help Plaintiff with cashing the money order, but the manager and customer service representative still refused.

23. That Plaintiff went to a Kroger in a different neighborhood and was allowed to cash his money order without incident or accusation of money order fraud.

## STATEMENT OF CLAIMS

## FIRST COUNT – VIOLATION OF §1981

24. Plaintiff repeats, realleges and incorporates paragraphs 1 through 23.

25. As described above, Kroger's outrageous conduct constituted discrimination because of Plaintiff's race in violation of Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq.*

26. Through Kroger's discriminatory conduct, it deprived Plaintiff of his right to make and enforce contracts on the same terms as enjoyed by white persons, in violation of 42 U.S.C. § 1981.

27. In addition, Kroger is liable for its employees' actions under the doctrine of *respondeat superior.*

28. Plaintiff is an African-American man. Kroger denied Plaintiff the opportunity to cash a money order solely because he is an African-American man. Plaintiff's race was the motivating factor why Kroger discriminated against Plaintiff. By virtue of Kroger's actions and inactions as set forth

above, Kroger has violated §1981.

29. Kroger's conduct in discriminating against Plaintiff due to his race was intentional. Kroger engaged in a discriminatory practice with malice or with reckless indifference to the federally protected rights of Plaintiff.

30. As a direct and proximate result of Kroger's actions, Plaintiff has suffered loss of income, personal humiliation, loss of capacity for the enjoyment of life, mental anguish, and embarrassment justifying an award including compensatory damages and punitive damages according to proof against Kroger.

31. As a result of the deprivations of rights at the hands of Kroger, Plaintiff has retained McCullough Law, PLLC., and has agreed to pay them a reasonable fee, which he is entitled to recover pursuant to 42 U.S.C. 1988(b) and otherwise by law.

## SECOND COUNT - OUTRAGEOUS CONDUCT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiffs re-allege and adopt paragraphs 1 through 31 herein as though copied verbatim herein.

33. Defendants, through the acts, conduct and omissions alleged herein, intentionally, knowingly, willfully and maliciously, committed conduct so outrageous against the Plaintiff as not to be tolerated in this civilized society.

34. As a direct and proximate cause of the above-described acts, conduct and omissions committed by the Defendants, Plaintiffs suffered severe mental and emotional distress, fear, apprehension, humiliation and embarrassment.

**WHEREFORE**, Plaintiff, Sabur DeMary, demands judgment against Defendant, Kroger Co. d/b/a Kroger and/or Kroger Limited Partnership I d/b/a Kroger for damages as set forth above, attorney's fees and costs pursuant to 42 U.S.C. 1988(b) and for such further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Sabur DeMary, hereby demands a trial by jury of all issues so triable

RESPECTFULLY SUBMITTED, this the 25th day of August 2020,

*/s/ Christian West-Coleman*
Christian West-Coleman (#036317)
2206 Union Ave.
Memphis, TN 38104
Phone: (901) 795-0050
Fax:    (615) 825-0073
cwestcesq@gmail.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I, Christian West-Coleman, Attorney for Plaintiff, hereby certify that a copy of the foregoing document has been served upon the Defendants' registered agent, CT Corporation System, 2908 Poston Avenue, Nashville, Tennessee 37203 via Certified U.S. Mail, postage prepaid on this 25th day of August 2020.

                                                  */s/ Christian West-Coleman*