# IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

| | |
|---|---|
| SABUR DEMARY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) DOCKET NO.: 3:20-cv-00729 |
| KROGER LIMITED | ) JURY DEMAND |
| PARTNERSHIP I, d/b/a Kroger | ) |
| and | ) Richardson/Holmes |
| KROGER CO., | ) |
| | |
|     Defendants | |

---

## ANSWER
---

COMES NOW, Kroger Limited Partnership I, by and through counsel, and herein responds to the plaintiff's complaint as follows. (Kroger Co. is an improperly named defendant and not a proper party and should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure):

1. This defendant lacks sufficient knowledge to admit or deny the assertions stated in Paragraph 1 of the plaintiff's complaint. These are primarily self-serving assertions which should be stricken from the complaint and are irrelevant to the plaintiff's cause of action.

2. The defendant denies the assertions stated in Paragraph 2 of the plaintiff's complaint and specifically denies the assertion that Mr. DeMary's race was a sole basis of any action Kroger took and it is denied that Kroger discriminated against him in any way or for any reason.

3. Paragraph 3 states a legal conclusion to which this defendant is not required to respond.

1
Case 3:20-cv-00729   Document 11   Filed 10/09/20   Page 1 of 6 PageID #: 27

4. Jurisdiction is admitted as proper.

5. Venue is admitted as proper.

6. This defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6.

7. Admitted.

8. This defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8.

9. The first sentence of Paragraph 9 makes allegations against an improper defendant, Kroger Co. Kroger Co. is not a proper defendant and should be dismissed pursuant to Rule 12. The second sentence of Paragraph 9 is admitted as well as the third sentence concerning Kroger Limited Partnership I.

10. Paragraph 10 does not state a fact to which this defendant must respond. It is denied that Mr. DeMary's allegations in the complaint are factual.

11. This defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11.

12. Denied to the extent it is alleged that the defendant acted in a discriminatory manner.

13. This defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the complaint. The paragraph generally references the month of January 2020 and then makes assertions this Defendant is unable to confirm. Paragraph 13 asserts allegations that are not relevant to the plaintiff's complaint and are impossible to verify based on the imprecise allegations in the paragraph.

14. The defendant admits that on February 4, 2020, the plaintiff came into the Port Royal Store and attempted to cash a money order made out to his business. This defendant denies the specific characterizations of this encounter as phrased by the plaintiff in Paragraph 14. It is admitted that the customer service representative consulted with the store manager and confirmed that it was against Kroger policy to cash a check made out to a third-party business, as requested by the plaintiff.

15. This defendant lacks sufficient knowledge to admit or deny to what degree the plaintiff disagreed with the customer representative at Kroger. This defendant admits that money orders can be cashed at Kroger. Per policy, they have to be made out to the person signing and receiving the funds.

16. Admitted.

17. The first sentence is Admitted. It is admitted that the plaintiff made accusations against the customer service representative and the plaintiff was highly agitated.

18. This defendant lacks sufficient knowledge or information to admit or deny who the plaintiff called on the phone but is admitted that the plaintiff used his phone during the encounter. It is admitted that Springfield police officers approached the plaintiff.

19. This defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 19.

20. This defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 20.

21. This defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 21.

22. It is admitted that police officers spoke to Kroger employees concerning the plaintiff. It is confirmed that Kroger refused to cash the plaintiff's check as it was made out to a third-party business and beyond that, that plaintiff was not acting in an appropriate way if he wished to receive service from Kroger employees.

23. Admitted. The other Kroger failed to follow company policy.

24. This defendant herein incorporates by reference its answers to the previously numbered paragraphs.

25. Denied.

26. Denied.

27. Denied.

28. This first sentence of Paragraph 28 is admitted and all other remaining allegations in Paragraph 28 are denied.

29. Denied.

30. Denied.

31. It is admitted that the plaintiff has hired an attorney, however, it is denied that Kroger is responsible for any depravations of rights, as claimed by the plaintiff.

32. This defendant herein incorporates by reference its answers to the previously numbered paragraphs.

33. Denied.

34. Denied.

4

35. All allegations not heretofore specifically admitted, denied or explained are now generally denied as if specifically denied.

AFFIRMATIVE DEFENSES

36. The plaintiff's complaint fails to state a claim upon which relief can be granted.

37. The plaintiff's complaint should be dismissed because racial discrimination was neither a factor nor the but-for cause of the plaintiff not getting the check to Revive Financial, LLC cashed.

38. This defendant avers that the plaintiff failed to mitigate the damages.

39. The plaintiff's check was not cashed for two reasons. One, the plaintiff treated the customer service representative in a rude fashion and cursed at her. It was inappropriate behavior for a Kroger customer and Kroger reserves the right not to serve customers who are not treating its employees in a professional manner and with respect. Two, the check the plaintiff attempted to cash was not made out to Sabur DeMary. The check was made out to Revive Financial, LLC. It is against Kroger's policy to cash the check that was presented.

WHEREFORE, having fully answered the plaintiff's complaint, this defendant asks and prays that it be dismissed with costs taxed to the plaintiff. A jury of 12 is demanded.

                        SPICER RUDSTROM, PLLC

By: /s/ Darrick L. O'Dell_____
Darrick Lee O'Dell (BPR #26883)
414 Union Street, Suite 1700
Nashville, TN 37219
Phone: 615-259-9080
Fax: 615-259-1522
dlo@spicerfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been sent by the court's electronic filing system on this the 9th day of October, 2020.

Christian West-Coleman
2206 Union Ave.
Memphis, TN 38104
cwestcesq@gmail.com

/s/ Darrick L. O'Dell
Darrick O'Dell